IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAWANA MARSHAWN BEECHAM,      )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No: 18-cv-2648-DDC-TJJ
                              )
                              )
JC PENNEY DISTRIBUTION        )
CENTER, et al.,               )
                              )
            Defendants.       )

### ORDER DENYING APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). For the reasons set out below, the Court denies the motion.

**I.      Relevant Factual Background**

Plaintiff *pro se* commenced this action on November 26, 2018 by filing a civil complaint. The Court granted her permission to proceed with this action *in forma pauperis.*

**II.     Motion for Appointment of Counsel**

In general, there is no constitutional right to appointment of counsel in a civil case.[1] Plaintiff asserts in her complaint a claim under Title VII of the Civil Rights Act of 1964, as

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

1

amended, 42 U.S.C. §§ 2000e, et seq., and a claim under the Age Discrimination in Employment Act of 1967, as amended, 42 U.S.C. §§ 12101, et seq., but she has not provided an adequate basis to appoint counsel under those statutes.

For actions under Title VII, 42 U.S.C. § 2000e-5(f)(1) provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[2] It provides no statutory right to counsel, only "a statutory right to **request** appointed counsel at court expense."[3] The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[4] For guidance the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel. Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] As "an aid in exercising discretion" in close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel."[6]

---

[2]While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[3]*See Nelson* 446 F.3d at 1120-22 (emphasis added).

[4]*Castner,* 979 F.2d at 1420.

[5]*Id.* at 1421.

[6]*Id.* (recognizing *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984) as one of several cases that had identified this fourth factor).

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[7] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their time."[8] Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

The factors considered under Title VII regarding appointment of counsel are similar to those considered when deciding to request an attorney to represent an indigent party under § 1915(e)(1). Consequently, a ruling on a motion under Title VII generally supports denying appointment under § 1915(e)(1) as well.

## A. **Financial Ability to Secure Counsel**

Plaintiff has submitted a financial affidavit in this action. Based upon that affidavit, the Court has granted her permission to proceed *in forma pauperis*. The affidavit likewise shows that Plaintiff is financially unable to secure counsel. In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[9] Given the financial affidavit, Plaintiff has shown that she would be unable to meet her daily, non-discretionary expenses were she to hire an attorney.

---

[7]*Id.*

[8]*Id.*

[9]*Id.* at 1422.

### B. Efforts to Secure Counsel

To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys.[10] In her present motion, Plaintiff states she has contacted four attorneys, but has been unable to obtain their services. Based on that information, the Court finds that Plaintiff has made insufficient efforts to secure counsel.

### C. Merit of Allegations

To warrant appointment of counsel, Plaintiff must also affirmatively show that she asserts meritorious claims. She makes no attempt, however, to demonstrate the merits of her claims in her motion for appointment. Because she asserts Title VII and ADEA claims, federal jurisdiction does not appear problematic. But at this stage of the litigation, the merits of Plaintiff's claims remain uncertain. A general review of the complaint provides no strong indicia regarding the merits of the claims. Moreover, although the original complaint shows that Plaintiff filed a charge of discrimination and received a right to sue letter, she has not attached a copy of that letter to her complaint. This does not certify that Plaintiff is in compliance with the statutes.

The Notice of Right-to-Sue Letter allows the Court to determine whether a plaintiff's complaint is timely filed, and the Court considers it as one factor in deciding whether counsel should be appointed.[12] When considering the merits of Title VII claims, furthermore, an

---

[10]*Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

[12]*See Jeannin*, 2009 WL 1657544, at *2.

"administrative finding is a 'highly probative' factor to be considered."[13] Here, the Court can make no such determination. "[P]arties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration."[18] In light of the information before it, the Court does not find that Plaintiff has carried her burden to show that her claims are of such merit as to necessarily warrant appointment of counsel.[19]

Nevertheless, from the complaint it appears that Plaintiff may have some chance to prevail in this action. In such circumstances, the courts should not simply refuse appointment "for want of a meritorious claim."[20] But the mere fact that the claims may have some colorable or potential merit is not sufficient to warrant appointing counsel at this juncture. Instead, when "the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts."[21]

---

[13]*Castner*, 979 F.2d at 1422.

[18]*Id.* (citation footnote omitted).

[19]This is not to say that the claims are obviously frivolous or otherwise legally insufficient. Appointment is clearly not warranted in those circumstances. *See Poindexter*, 737 F.2d at 1187. But that is not a necessary determination when ruling on a motion for appointment of counsel. *See id.* at 1187 n.35 (recognizing that "the court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney").

[20]*Id.* at 1187.

[21]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted). The factors listed in *Rucks* are the same factors set out in *Castner* for determining the plaintiff's ability to present the case without counsel. *See Castner*, 979 F.2d at 1422. Regardless, the Court's broad discretion with respect to appointment of counsel permits consideration of non-Title VII cases and the factors set out therein. While phrased in different ways, the relevant considerations for appointing counsel under the various statutes essentially serve the same purpose, i.e., ascertaining whether it is just or appropriate to appoint counsel in the case then before the Court.

The limited pool of volunteer attorneys would quickly evaporate were the Court to appoint counsel for every indigent plaintiff who has stated a colorable claim and who has made sufficient efforts to secure counsel without the court's assistance. Given the uncertain merits of Plaintiff's claims and the lack of any administrative findings, it is not prudent to appoint counsel at this early stage of the litigation merely because Plaintiff is indigent and may have some chance to prevail in this action, particularly where she has not made fully diligent efforts to obtain an attorney,.

D. **Capacity to Present Case Without Counsel**

Given the uncertain merits of her claims, the Court considers the ability of Plaintiff to present her case without counsel. Nothing before the Court suggests that she needs an attorney to adequately present her case. The factual and legal issues in this employment discrimination case do not appear to be complex. Plaintiff has shown no reason why she cannot adequately research and investigate the case on her own. At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.

**IT IS THEREFORE ORDERED** that the Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2018 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge