**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


TAWANA MARSHAWN BEECHAM,   )
  )
        Plaintiff,   )
  )
v.   )     Case No: 18-cv-2648-CM-TJJ
  )
  )
JC PENNEY DISTRIBUTION   )
CENTER, et al.,   )
  )
        Defendants.   )


## ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider the Stay of Discovery (ECF No. 27). For the reasons set out below, the Court denies the motion.

During the Scheduling Conference held in this case on February 28, 2019, the Court discussed with Plaintiff and defense counsel the pending motions to dismiss.[1] Both motions, if granted, would result in dismissal of Plaintiff's complaint. As the undersigned Magistrate Judge indicated, she will not be ruling on the motions to dismiss, but instead they will be ruled by District Judge Murguia. However, in light of Federal Rule of Civil Procedure 1's directive to apply rules to secure the just, speedy, and inexpensive determination of every case, the Magistrate Judge inquired whether the parties would consent to a stay of discovery pending

---

[1] *See* J.C. Penney Corporation, Inc.'s Motion to Dismiss the Case (ECF No. 10), Defendant Manpower's Motion to Dismiss Plaintiff's Complaint (ECF No. 13).

Judge Murguia's rulings on the pending motions. Plaintiff consented to the stay, as did both Defendants through their counsel.[2]

Plaintiff asks for reconsideration of the stay. As a threshold matter, D. Kan. Rule 7.3(b) requires a party seeking reconsideration of a non-dispositive order to file a motion within 14 days after the order is filed unless the Court extends the time. Here, Plaintiff's motion is timely.

However, even though the filing was timely, Plaintiff's motion fails to meet the requirements of D. Kan. Rule 7.3(b). A motion to reconsider a non-dispositive order must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.[3] A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.[4] A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[5] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[6] Whether to grant a motion to reconsider is left to the Court's discretion.

---

[2] *See* ECF No. 26.

[3] D. Kan. Rule 7.3(b).

[4] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

[5] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[6] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

Plaintiff's motion to reconsider does not cite an intervening change in controlling law or discuss newly available evidence.   Plaintiff states she did not understand the question when it was posed to her, asked that it be repeated, and then answered still not quite understanding. The Court finds that Plaintiff's motion to reconsider does not address the basis for the Court's decision to stay discovery.   And in case Plaintiff does not fully understand the stay, the Court reminds her that the stay will automatically be lifted if Judge Murguia denies one or both of the pending motions to dismiss.   At this point, however, the Court denies Plaintiff's motion to reconsider because it fails to satisfy the standards of D. Kan. Rule 7.3(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider the Stay of Discovery (ECF No. 27) is DENIED.

Dated in Kansas City, Kansas this 9th day of April, 2019.

Teresa J. James
U. S. Magistrate Judge