# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAWANA MARSHAWN BEECHAM, )
)
               **Plaintiff,** )
)
v. )
)   Case No. 18-02648-CM-TJJ
JC PENNEY DISTRIBUTION CENTER; )
and MANPOWER GROUP, )
)
               **Defendants.** )
)

## MEMORANDUM AND ORDER

Defendants J.C. Penney Corporation, Inc. ("J. C. Penney") and Manpower U.S. Inc. ("Manpower") each move to dismiss pro se plaintiff Tawana Marshawn Beecham's complaint.[1] (Docs. 10, 13.) Defendant J.C. Penney moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to exhaust administrative remedies or to show that defendant was plaintiff's employer under Title VII and the ADEA. (Doc. 10.) Defendant Manpower moves first for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to exhaust administrative remedies under Title VII and the ADEA, and second for dismissal or in the alternative to quash insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 13.)

### I.    FACTUAL BACKGROUND

Plaintiff is an African-American female and former employee of Manpower. Defendants are J.C. Penney Corporation, Inc. and temporary staffing agency Manpower. Defendant Manpower assigned plaintiff to work at J.C. Penney's Logistics Center in Lenexa, Kansas, in September 2017. Plaintiff worked at the Lenexa facility through December 2017. Plaintiff alleges she was discriminated

---

[1] Defendants J.C. Penney and Manpower were misnamed in plaintiff's form employment discrimination complaint, and thus the caption, as "JC Penney Distribution Center" and "Manpower Group" respectively.

-1-

against on the basis of race, gender, and age. Plaintiff further alleges that she was terminated in retaliation for reporting a hostile work environment.

For her Title VII claims, plaintiff alleges she filed a charge of discrimination against defendants and received a right-to-sue letter. Plaintiff has not alleged that either (1) 60 or more days have passed, or (2) fewer than 60 days have passed since filing a charge of age discrimination with the EEOC. Plaintiff has not provided the dates corresponding to either the filing of her ADEA charge or the receipt of her Title VII right-to-sue letter.

Plaintiff commenced this suit by filing a form employment discrimination claim with the court and attempted service on defendant Manpower by certified letter to "MANPOWER GROUP, 10500 LACKMAN RD, LENEXA, KS 66219," the address for the J.C. Penney Logistics Center where plaintiff worked.

## II. LEGAL STANDARDS

The court liberally construes pro se pleadings, but pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. 12(b)(1) and the Effect of *Lincoln*

Until recently in the Tenth Circuit, motions to dismiss under Title VII based on a plaintiff's failure to exhaust administrative remedies were treated as jurisdictional and considered under Rule 12(b)(1). *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182–85 (10th Cir. 2018) (concluding administrative exhaustion no longer jurisdictional requirement and overruling prior law by vote of all active judges). After *Lincoln*, the failure to exhaust administrative remedies is a non-jurisdictional condition precedent to suit, and an affirmative defense to be raised by a defendant pursuant to Rule 12(b)(6). *See id.*

### B. 12(b)(5)

A motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citations omitted). A plaintiff must validly serve the defendant with process before the court can exercise personal jurisdiction over that defendant. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit . . . ."). When a defendant challenges service of process, the plaintiff has the burden of proving the sufficiency of service. *Ammon v. Kaplow*, 468 F. Supp. 1304, 1309 (D. Kan. 1979). The court may consider documentary evidence and weigh affidavits when evaluating the sufficiency of the plaintiff's service on a defendant. *Id.* "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008); *see Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

Under Federal Rule of Civil Procedure 4(h)(1), a domestic or foreign corporation must be served "in a judicial district of the United States" either (1) pursuant to state law in the jurisdiction where the action is brought or service is made; or (2) by delivering a copy of the summons and complaint to an agent authorized to accept service of process. Fed. R. Civ. P. 4. Kansas allows service by return receipt delivery through certified mail. Kan. Stat. Ann. § 60-303.

### C. 12(b)(6), Exhaustion of Administrative Remedies, and Jurisdiction

In reviewing a motion to dismiss under Rule 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the plaintiff all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). When filing, "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

"Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012). Requirements are slightly different under the ADEA: a plaintiff must similarly (1) file with the EEOC and then (2) wait at least 60 days before filing suit. 29 U.S.C. § 626(d)(1).

A dismissal under Rule 12(b)(6) operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). To issue an adjudication on the merits, the court must first resolve jurisdictional challenges. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Personal jurisdiction is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citing *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)) (quotation marks omitted); *see also Jordan v. Morris*, No. 14-2539-JWL, 2015 WL 3449867, at *3 (D. Kan. May 29, 2015) (collecting cases where failure of service precluded merits adjudication).

### III. DISCUSSION

The court will first address defendant Manpower's arguments before turning to defendant J.C. Penney's arguments.

#### A. Manpower's Motion

Defendant Manpower moves to dismiss or quash service pursuant to Rule 12(b)(5), and to dismiss pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. (Doc. 13.) After the

Tenth Circuit's decision in *Lincoln*, the exhaustion of administrative remedies is no longer treated as a jurisdictional defense under Rule 12(b)(1) and is properly brought as an affirmative defense under Rule 12(b)(6). *See* 900 F.3d at 1182–85. Because it is apparent that defendant Manpower intended to raise this affirmative defense, the court treats defendant's Rule 12(b)(1) arguments as though made under Rule 12(b)(6).

Because defendant Manpower has challenged jurisdiction under Rule 12(b)(5), the court must resolve this challenge before it may proceed to a merits adjudication under Rule 12(b)(6). *See Ruhrgas*, 526 U.S. at 584. Plaintiff attempted service on defendant Manpower at the address for the J.C. Penney Logistics Center where she worked, but not at a Manpower location. Although plaintiff has provided an address for defendant Manpower's corporate office in her response to defendant's motion to dismiss, plaintiff has not served defendant at either its corporate office or its registered agent in Kansas. (Docs. 18, 20.) Because plaintiff has not served defendant Manpower, service on defendant is insufficient. However, in light of plaintiff's recognition of the incorrect initial service and notation of defendant Manpower's corporate address, the court finds that service is curable.

Because court finds "that service is insufficient but curable," the court quashes service on defendant Manpower rather than dismissing, to give plaintiff an opportunity to re-serve defendant. *See Fisher*, 531 F. Supp. 2d at 1269. Because the court quashes service, the court does not proceed to a Rule 12(b)(6) merits adjudication as to defendant Manpower.

The court grants plaintiff 45 days from the date of this opinion to properly re-serve defendant Manpower. If plaintiff fails to properly re-serve defendant Manpower, defendant Manpower will be dismissed.

### B. J.C. Penney's Motion

Defendant J.C. Penney moves to dismiss pursuant to Rule 12(b)(6), arguing plaintiff failed to exhaust her administrative remedies, and in the alternative, that defendant was not her "employer" under either Title VII or the ADEA. (Doc. 10.)

As discussed by the Tenth Circuit in *Lincoln*, a plaintiff's exhaustion of administrative remedies is now a non-jurisdictional condition precedent to suit. *See* 900 F.3d at 1182–85. Accordingly, Rule 9(c) permits plaintiff to generally plead her compliance with this requirement. In order to exhaust administrative remedies under Title VII, plaintiff must (1) file a charge with the EEOC, (2) receive a right-to-sue letter, and (3) file within the required time limit after receiving the letter. *See Kinney*, 505 F. App'x at 814. To exhaust administrative remedies under the ADEA, plaintiff must (1) file a charge, and (2) wait the required time before filing suit. *See* 29 U.S.C. § 626(d)(1).

On the court's form employment discrimination complaint, plaintiff indicates (1) that she has filed with the relevant state and local agencies, (2) that she has received a right-to-sue letter for her Title VII claims, and (3) that the substance of her current claims is the same as that of her alleged charges with the EEOC. (Doc. 1, at 1–3.) However, plaintiff has not (1) attached her right-to-sue letter, (2) provided the filing dates of her charges, (3) provided the court with the date she received her right-to-sue letter, or (4) indicated whether sufficient time has passed since filing her ADEA charge. (*Id.* at 2.) Plaintiff has also not generally alleged exhaustion of administrative remedies.

Although the face of the complaint alleges compliance with some parts of the process required to exhaust administrative remedies under both relevant statutes—the filing of a charge under Title VII and the ADEA, and the receipt of a right-to-sue letter under Title VII—the issue of timeliness remains.

Because the issue of timeliness remains, plaintiff has not shown that she has exhausted her administrative remedies under Title VII and the ADEA.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), because plaintiff has not shown that she has exhausted her administrative remedies, the court grants defendant J.C. Penney's motion to dismiss. Because defendant J.C. Penney's arguments on failure to exhaust administrative remedies resolve this motion, the court does not address defendant's arguments on "employer" status.

**IT IS THEREFORE ORDERED** that defendant J.C. Penney's motion to dismiss (Doc. 10) is granted.

**IT IS FURTHER ORDERED** that defendant Manpower's motion to dismiss or quash for insufficient service (Doc. 13) is granted in part. The court quashes service on defendant Manpower. Plaintiff is granted 45 days from the date of this order to properly re-serve defendant Manpower**.** If plaintiff fails to properly re-serve defendant Manpower, this order will act as a dismissal.

Dated this 8th day of July, 2019, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**